# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| JAY JURDI, #20653-078 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18cv61 |
| | § | CRIMINAL ACTION NO. 4:12cr180(11) |
| UNITED STATES OF AMERICA | § | |

## ORDER DENYING LETTER REQUEST TO
## TRANSFER CASE FROM ONE JUDGE TO ANOTHER

Before the court is a letter dated July 3, 2018 and filed by the clerk on July 12, 2018 [de#12] addressed to the chief judge of this court in a prisoner habeas case not assigned to the chief judge. The letter requests the chief judge to reassign the case to a different judge other than the one currently presiding over the case. The judge currently presiding over the case is U. S. District Judge Richard Schell.

The movant filed this civil action *pro se* pursuant to 28 U.S.C. § 2255, and he is presently incarcerated in a United States Penitentiary. He contends that Judge Schell, to whom this case is assigned, is "an interested judge" and that there exists an "unconstitutional potential for bias" on the part of Judge Schell. However, in his letter to the undersigned chief judge, the movant offers no evidence of bias on the part of Judge Schell. He simply wants a different judge other than the one who also presided over his criminal case.

In his earlier motion for disqualification of Judge Schell, the movant states that the motion is based upon 28 U.S.C. § 455(a), which requires a judge to " . . . disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The key word in that phrase is "reasonably". Also, § 455(a) provides that the judge to whom the case is assigned shall make the

determination regarding disqualification.

Based upon the lack of any evidence of extrajudicial bias on the part of Judge Schell, and based upon the plain wording of § 455(a), the letter request to reassign this case to a different district judge is **DENIED**.

**So Ordered this**
**Jul 25, 2018**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE